UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ARMANDO E. HERRERA,

        Plaintiff,

  v.

PECK, et. al.,

        Defendants.

                               /

No. C 13-2206 PJH (PR)

**ORDER OF DISMISSAL**

    Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

**DISCUSSION**

**A.  Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In this civil rights complaint, plaintiff states that he was not allowed to attend his 2012 parole hearing, and the Board of Parole Hearings denied parole for ten years.  The only relief plaintiff seeks is another hearing where he is present.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, –––U.S. –––, –––, 131 S.Ct. 1289, 1293 (2011) (citation omitted).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Id.* (citation omitted).  As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges

implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In this case, plaintiff attacks the validity of the parole hearing and his continued confinement, not the conditions of the confinement. Therefore, plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983 and the complaint must be dismissed. The complaint is dismissed without prejudice and plaintiff may file a new habeas petition brought under 28 U.S.C. § 2254. If plaintiff chooses to file a new case he should provide more information regarding his underlying claim and his efforts to exhaust the claim in state court.

## CONCLUSION

1. The complaint is **DISMISSED** without prejudice and plaintiff may file a new habeas petition brought under 28 U.S.C. § 2254.

2. The motion to proceed in forma pauperis (Docket No. 6) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 26, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Herrera2206.dsm.wpd

3